Colcock, J.
Feme coverts are allowed by the acts, five years after the cause of action is given or accrued. If the' cause of ac. tion had accrued during coverture, she would have been entitled to the five years ; but it accrued during infancy, and the words of the act are, “ and also excepting any person or persons, that are under the age of twenty-one years, who shall be allowed to bring their action, at any time within two years after they come of age, and if beyond seas, three years.” She, therefore, ought to have brought her action, being within the State, within two years after she came of age; and having failed to do so, she is barred.
*287 I am at a loss to understand, how coverture can be called a disability, when speaking of a right to commence an action, for the same act gives a feme covert power to appoint an attorney to com-menee an action for her, and expressly declares that her husband shall not have power to abate, discontinue, or release her claim, or action, without her voluntary consent given in open court; P. L. 104 ; the coverture, therefore, did not prevent the action. I am in favor of the motion, and that the decision below be reversed.
BeevaRd, J.
This motion is to reverse the judgment of the Court of- Common Pleas, for Union district, on demurrer. The action was trover. The defendant pleaded the statute of limitations. The plaintiffs replied that the cause of action accrued to the plaintiff’s wife, while sole, and under age ; that she became a feme covert, during her non-age; and that within five years after her marriage, she and her husband commenced this action. To this replication there was a demurrer, and joinder in demurrer. The judgment was for the defendant.
The defendant contends that as the plaintiffs in their replication state that the cause of action accrued to the wife, while she was within age, and before her intermarriage with the plaintiff, she was only entitled to the time allowed to infants by the limitation act, and not to the time allowed to married women ; and if so, the plea in bar is good ; though it would not be good if the plaintiff’s wife could take advantage of her coverture to avoid the bar.
Actions sur trover, are mentioned in the introductory part of the limitation act, but not in the enacting part; they must, however, be included under the denomination 11 of actions upon the case,” and must, generally, be commenced within four years next after the causes of them accrue, respectively. The statute begins to operate from the time of the conversion.
By an act of assembly of 1788, persons under twenty-one years of age, aré allowed four years after attaining such age, to prosecute any personal action.
It is agreed, that if the plaintiff’s wife cannot take advantage of her coverture, the action is barred ; because the same was not commenced within four years after she attained her legal age. But the plaintiffs contend it is not barred in consequence of her marriage, subsequent to the accrual of the cause of action, and prior to her attaining legal age ; the same being saved by a clause in the limitation act; By the limitatipn act of 1712, if any person entitled to an action, shall be a feme covert at the time such cause of action accrued, she shall be allowed to bring the same,“at any time *288 within five years after such cause of action accrued, and not after,, Prec‘se wording of the act, it seems to me, excludes any doubt on subject. The cause of action did not accrue to the plaintiff’s wife at the time she was covert, but before. It is admitted, that if it did accrue at any time during her coverture, the action would not be barred. But the pleadings shew, that it accrued-while she was sole: so that the case is resolved to the question which has been argued in this court, in the case of Dupont v. Dyer ? namely, whether the act of limitations, after it has once begun to run, can be interrupted, or suspended, or the term of limitation extended, by the intervening disability, or privilege of one of the parties. For the reasons I am prepared to assign, for my opinion in that casp, whenever it shall be decided, and which 1 have for a long time been ready to deliver, I am of opinion, in this ease, that the act having commenced its operation, continued to run on without interruption from any intervening cause.
Bay, J.
This was an action of trover, to recovera negro wench. The defendant pleaded the statute of limitations. The plaintiffs replied, that the cause of action accrued to the wife while she was an infant, and before her intermarriage, which was during her infancy ; and that they had brought their action within five years after such intermarriage. To this replication the defendant demurred, and assigned as cause, that the plaintiffs stated that the cause of action accrued to Elizabeth, the plaintiff’s wife, while she was an infant, and not during coverture, and, therefore, the plaintiffs had not five years to bring their action, as in case of coverture, but only four years, the provision for infants, The plaintiffs joined in demurrer, and the judge, after argument, gave judgment for the defendant in demurrer.
The present is, therefore, a motion to reverse the decision of the judge in the Circuit Court, on the ground, that the replication did not state that the true cause of action accrued during coverture.
It appears to me, the privilege which Mrs. Fewell had, while single, and an infant, was completely merged by their intermarriage, and becoming a feme covert; and that she had, or rather her husband, in her right, had five years to bring an action for recovering her rights, as to personal property.
By the act of marriage, all the personal property which a woman has in possession, and all that is given to her during cover-ture, becomes absolutely the property of the husband. But dioses in action, or whatever is to Ite recovered by suit at law, does not become his, until reduced into possession by legal recovery. All *289 shch rights being inchoate ones, must be recovered in, and through her ; and she must be joined in such actions, as the recovery of the husband is not in his own right, but in right of his wife; <consequently she has five years by the act, to pursue those rights after she becomes a feme covert. 'These, appear to me to be expressly the yery rights this part of the act had in contemplation. And for the recovery of lands, if the husband will not join, she may constitute an attorney at any time within seven years, over which her husband shall have no control.
As to the ground stated in the brief, for setting aside the judgment, viz., that the replication did not -state that the action did not accrue during coverture, — I do not think that a sufficient reason for opening this case. It is true the replication does not say so in words, but it says a great deal in legal construction ; for it substantially sets forth, and declares, that the plaintiff’s wife was first privileged by infancy, and that before that expired, another legal privilege intervened, namely, coverture ; which last mentioned privilege allowed her five years to bring her action, and that the present suit was commenced within that time. This is the language of the replication, both in law and common sense; which, in my opinion, contains every legal requisite to rebut the force and operation of the statute of limitations. I am, therefore, clearly of opinion, that the judgment should remain unimpeached.
Geisikb, J.
The question in this case is, whether the statute of limitations, beginning to run on one disability, can be discontinued as to that, and then commence its operation on another disability, and both of them running against the same person, but in different capacities. Our statute of limitations, sec. 10, P. L., declares, that if any one shall be entitled to an action of trespass, &c., and at the time of such cause of action, given or accrued, shall be beyond the -seas, under coverture, &c., shall be at liberty to bring their action, at any time within five years after such cause of action given, or accrued; and at no time after, excepting any persons-under twenty-one years of age, who shall be allowed to bring their actions at any time within four years, by a subsequent act, P. L. 455, after they come of age- By these clauses, it appears that at the time the cause of action accrued, the disability must exist at the- same period. It is admitted, that when the cause of action accrued, she was a minor, and, therefore, was entitled to bring her action at any time within the four years after she was of age ; but the statute had never begun to run upon this disability, viz., before she had arrived at age ; for she married in her minority, nor the *290 aot cou^ notbegin to run upon the disability of the minority, until such minority ceased ; for the cause of action given, or accrued, was during her minority. If, therefore, it is necessary, as it appears to untier this act, that the disability must exist at the same time, that the cause of action accrued, then she can only take advantage of that exception in the law which enables her, within four years after coming of age," to,bring her action. The question then in this stage of the business is,.when did the statute first begin to run against her ? Why it appears unquestionably as soon as she was under coverture; because she married whilst she was still a minor, and before the statute could ■ begin to run upon her minority. If the statute began then to run, as soon as she married, she cannot be permitted to take advantage of any other disability, viz., her minority. It then becomes necessary that we should consider from what point of time the statute would begin to run after her cover-ture. The act says, “feme coverts shall be at liberty to bring their action, at any time within five years after such cause of action given, or accrued.” If it was to be construed strictly, and according to the precise words of the act, we must resort back to the lime where the trespass was first committed, as the action accrued at that time. By which interpretation, if she was sixteen years of age at the time when the action accrued, and was married but shortly before she had arrived at age, as soon as five years had expired, counting from the time of the accrual of the action, she would be barred by her coverture, by the time she was of age, whereas, if she had continued single but a few months longer, and until after she had attained her age but two or three days, so as to give the statute an opportunity of beginning to run upon her minority, she could not have been barred until after the expiration of four years, from the commencement of her majority. It may, however, be said, as was argued in the case, 4 Durnf. and East., above quoted, that this disability was a voluntary one, which she would not have incurred, had she not married in her minority. But I can make no difference between voluntary and involuntary disabilities ; for in both cases, when the disability is once removed, the time begins to run. Let us suppose the cause, of action accrued when she was nine years only, and that she never married until nineteen or twen. ty ; if she was then obliged to count from the time of the accrual of the action, she would be again barred immediately on marriage ; because, according to the terms of the act,’ she would only be at liberty to bring her action at any time within four years from the accrual thereof, and at no time thereafter; but that such is not the *291 intention of the act, I am satisfied ; .which means that the accrual of the action, and that disability on which the statute first, begins to run, must be co-existent. Now when the cause of action accrued, the disability was minority, on which the act never began to operate ; afterwards she married in her minority, and then the statute began to run, and from that moment of her coverture it is to be counted ; for her infancy was absolutely and irrevocably merged and extinguished by the marriage. The motion must therefore be granted.